## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN CARNEY** | * | **CIVIL ACTION NO.: 2:12-cv-2414** |
| | * | |
| **VERSUS** | * | **JUDGE: _____** |
| | * | |
| **FLORIDA MARINE** | * | **MAGISTRATE:_____** |
| **TRANSPORTERS, INC.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes petitioner, Stephen Carney, and with respect files the following Complaint for Damages and appropriate ancillary relief:

1.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1).

2.

This case is brought pursuant to the Constitution and the laws of the United States of America and the State of Louisiana under the General Admiralty and Maritime Law. Additionally, at all times material hereto, there was in full force and effect an Act of Congress, the Jones Act (46 U.S.C. §30104, *et seq*), which petitioner hereby adopts and asserts as a claim for relief.

3.

This matter is identified as an admiralty or maritime claim in accordance with the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Petitioner, Stephen Carney, is a person of the full age of majority, domiciled in the city of Odenville, State of Alabama.

5.

The defendant named herein is:

(1) **FLORIDA MARINE TRANSPORTERS, INC.,** a domestic corporation, authorized to do and doing business in the State of Louisiana with its principal place of business located in the Parish of St. Tammany at 2360 5th St., Mandeville, LA 70471.

6.

**FLORIDA MARINE TRANSPORTERS, INC.,** (hereinafter "Florida Marine"), engages in the for-profit business of providing marine transportation, including but not limited to, moving liquid cargoes throughout the inland waterways of the United States.

7.

Defendant is truly and justly indebted to petitioner herein for any and all damages sustained as a result of an incident that occurred in the territorial waters of the United States of America, State of Louisiana, on or about December 17, 2011.

8.

On or about December 17, 2011, Mr. Carney was employed by Florida Marine and was working as a seaman aboard a vessel believed to be named the M/V MS. LAUREN ELIZABETH, a vessel owned and/or operated and/or owned *pro hac vice* by Florida Marine. Mr. Carney was working as a member of the crew in the service of the M/V MS. LAUREN ELIZABETH as a deckhand / tankerman aboard the vessel, assisting in various duties in support

2

of the vessel including, but not limited to, cleaning, cooking, maintenance, and tow / untow duties.

9.

At the time of the incident in question, while Mr. Carney was assisting in the performance of maintenance operations in the engine room of the vessel around 1:00 P.M. that day, suddenly and without warning, Mr. Carney stepped through a deck plate that was not screwed in and/or otherwise secured, causing him to fall and sustain severe and disabling injuries, including but not limited to his back, hip and leg.

10.

The incident that occurred on or about December 17, 2011 resulting in severe and disabling injuries to Mr. Carney, was caused solely and exclusively by the negligence and fault of defendant, Florida Marine,  in the following non-exclusive particulars:

    a.      Failing to provide plaintiff with a safe place to work;

    b.      Failing to adequately inspect its vessel and keep it in a safe and operable condition;

    c.      Failing to adequately inspect all deck plates aboard the vessel to confirm they were locked-in, secured, and in all respects safe;

    d.      Failing to maintain an engine room free from hazards, and in all respects safe;

    e.      Failing to adequately train and/or supervise crew members and/or all other workers in the performance of their duties;

    f.      Failing to provide adequate manning for the tasks at hand;

    g.      Failing to provide proper safety equipment;

    h.      Failing to properly equip its crew members and/or all other workers;

i.  Failing to properly man, provision, maintain and operate all equipment and appurtenances on board the M/V MS. LAUREN ELIZABETH;

j.  Failing to properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

k.  Failing to provide a safe and non-hazardous workplace;

l.  Failing to devise and implement an adequate crew safety protocol;

m.  Other negligent acts and/or omissions to be shown at the trial of this action.

11.

At all times pertinent hereto, the M/V MS. LAUREN ELIZABETH was unseaworthy in one or more of the following respects, to-wit:

a.  The vessel was not safe for the performance of its transportation and/or towing operations;

b.  The vessel was not reasonably fit for its intended purpose;

c.  The vessel crew was inadequately trained for the operations being conducted at the time;

d.  The vessel crew was inadequate in number;

e.  Failure to have required complement of crew;

f.  The vessel and all of its' equipment and appurtenances were inadequately maintained; and

g.  Other unseaworthy conditions to be determined at a trial of this action.

12.

Petitioner, Stephen Carney, was not negligent in any way, and did not contribute to the incident complained of herein

13.

4

Petitioner, Stephen Carney, is entitled to maintenance and cure from his employer until such time as he reaches maximum medical cure, and Petitioner is entitled to attorneys' fees and costs in the event that his employer unreasonably refuses to pay or discontinues maintenance and cure benefits.

14.

As a result of the incident described herein, Stephen Carney, has incurred the following non-exclusive damages:

        a.   Past and future loss of wages;

        b.   Impairment of future earning capacity;

        c.   Physical pain and suffering;

        d.   Mental and emotional pain and suffering;

        e.   Past and future medical expenses;

        f.   Maintenance, Cure and Found;

        g.   Loss of enjoyment of life; and

        h.   Other elements of damages to be shown at the trial of this matter.

**WHEREFORE,** petitioner, Stephen Carney, prays that defendant, **FLORIDA MARINE TRANSPORTERS, INC.,** be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of petitioner, and against defendant for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; ; and

Finally, petitioner prays for all general and equitable relief to which they may otherwise be entitled.

Respectfully Submitted:

**WILLIAMS LAW GROUP, L.L.C.**

*s/ J. Christopher Zainey, Jr.*

_____

**CONRAD S.P. WILLIAMS, III (LA# 14499)**
**J. CHRISTOPHER ZAINEY, JR. (LA# 32022)**
435 Corporate Drive, Suite 101
Houma, LA 70360-2498
Telephone:  985-876-7595
Facsimile:  985-876-7594
duke@williamslawgroup.org
chris@williamslawgroup.org

**AND**

**THE HAMILTON LAW FIRM, PLLC**

*s/ R. Kevin Hamilton*

_____

**R. KEVIN HAMILTON (LA# 28068)**
911 26th Ave.
P.O. Box 1511
Meridian, MS 39302-1511
Telephone: (601) 974-5900
Facsimile: (888) 855-0691
khamilton@thehamiltonlawfirm.com
*Attorneys for Plaintiff, Stephen Carney*

**WILL SERVE**
FLORIDA MARINE TRANSPORTERS, INC.
Through its registered agent
Dennis Pasentine
2360 5th Street
Mandeville, LA 70471

6